1    JEFFER, MANGELS, BUTLER & MARMARO LLP
     ROBERT E. MANGELS (Bar No. 48291), RMangels@jmbm.com
2    MATTHEW S. KENEFICK (Bar No. 227298), MKenefick@jmbm.com
     Two Embarcadero Center, Fifth Floor
3    San Francisco, California  94111-3824
     Telephone:    (415) 398-8080
4    Facsimile:    (415) 398-5584

5    Attorneys for Defendant TOWERS, PERRIN, FORSTER &
     CROSBY, INC., a Pennsylvania corporation
6

7                      UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

                        SAN FRANCISCO DIVISION
9

10
     PRODIANCE CORPORATION,                CASE NO.    CV08-2824PJH
11
                    Plaintiff,             **ANSWER OF DEFENDANT TOWERS,**
12                                         **PERRIN, FORSTER & CROSBY, INC. TO**
                                           **COMPLAINT FOR BREACH OF**
          v.                               **CONTRACT, ACCOUNT STATED, WORK,**
13                                         **LABOR, SERVICES, AND MATERIALS,**
     TOWERS, PERRIN, FORSTER & CROSBY,     **AND GOODS SOLD AND DELIVERED**
14   INC.,
                                           **DEMAND FOR JURY TRIAL**
15                  Defendant.

16
                                           Complaint filed:    May 6, 2008
17                                         Trial date:         none set

18

19          Defendant Towers, Perrin, Forster & Crosby, Inc., a Pennsylvania corporation

20   ("**Towers**") hereby responds to the Complaint for Breach of Contract, Account Stated, Work,

21   Labor, Services, and Materials, and Goods Sold and Delivered of Plaintiff Prodiance Corporation

22   ("**Prodiance**") (the "**Complaint**") and answers, alleges, and avers as follows.

23          1.      In answer to paragraph 1 of the Complaint, to the extent that such paragraph requires

24   a response, Towers admits the allegations contained therein.

25          2.      In answer to paragraph 2 of the Complaint, to the extent that such paragraph requires

26   a response, Towers admits the allegations contained therein.

27          3.      In answer to paragraph 3 of the Complaint, Towers admits the allegations contained

28   therein.

PRINTED ON
RECYCLED PAPER

738163v1                                   CASE NO. CV08-2824PJH
                                           ANSWER TO COMPLAINT

4.    In answer to paragraph 4 of the Complaint, Towers admits the allegations contained therein and asserts that it is a corporation formed under the laws of Pennsylvania.

5.    In answer to paragraph 5 of the Complaint, Towers asserts that Prodiance has made no allegations therein, and therefore no response is required pursuant to the Federal Rules of Civil Procedure.

6.    In answer to paragraph 6 of the Complaint, Towers asserts that Prodiance has made no allegations therein, and therefore no response is required pursuant to the Federal Rules of Civil Procedure.

7.    In answer to paragraph 7 of the Complaint, Towers denies the allegations contained therein and expressly denies the existence of any contract between Prodiance and Towers.

8.    In answer to paragraph 8 of the Complaint, Towers admits only that Prodiance asserts in its Complaint claims framed as breach of contract and common counts; however, Towers expressly denies that Prodiance is entitled to any form of relief thereunder.

9.    In answer to paragraph 9 of the Complaint, Towers asserts that Prodiance has made no allegations therein, and therefore no response is required pursuant to the Federal Rules of Civil Procedure.

10.    In answer to paragraph 10 of the Complaint, Towers admits only that Prodiance seeks the relief specified in said paragraph; however, Towers expressly denies that Prodiance is entitled to any such relief.

11.    In answer to paragraph 11 of the Complaint, Towers asserts that no response is required pursuant to the Federal Rules of Civil Procedure.

12.    In answer to paragraph BC-1 of the Complaint, Towers denies the allegations contained therein.

13.    In answer to paragraph BC-2 of the Complaint, Towers denies the allegations contained therein.

14.    In answer to paragraph BC-3 of the Complaint, Towers denies the allegations contained therein.

15.    In answer to paragraph BC-4 of the Complaint, Towers denies the allegations

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    contained therein.

2        16.    In answer to paragraph BC-5 of the Complaint, Towers asserts that Prodiance has

3    made no allegations therein, and therefore no response is required pursuant to the Federal Rules of

4    Civil Procedure.

5        17.    In answer to paragraph BC-6 of the Complaint, Towers asserts that Prodiance has

6    made no allegations therein, and therefore no response is required pursuant to the Federal Rules of

7    Civil Procedure.

8        18.    In answer to paragraph CC-1 of the Complaint, Towers denies the allegations

9    contained therein.

10       19.    In answer to paragraph CC-2 of the Complaint, Towers denies the allegations

11   contained therein.

12       20.    In answer to paragraph CC-3 of the Complaint, Towers asserts that Prodiance has

13   made no allegations therein, and therefore no response is required pursuant to the Federal Rules of

14   Civil Procedure.

15       21.    In answer to paragraph CC-4 of the Complaint, Towers asserts that Prodiance has

16   made no allegations therein, and therefore no response is required pursuant to the Federal Rules of

17   Civil Procedure.

18   **AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF**

19   **FIRST AFFIRMATIVE DEFENSE**

20   **(Failure To State A Claim)**

21       1.    Towers alleges the Complaint as a whole, and each claim for relief asserted therein,

22   fails to state a claim upon which relief may be granted.

23   **SECOND AFFIRMATIVE DEFENSE**

24   **(No Formation Of Contract)**

25       2.    Towers is informed and believes, and based thereon alleges that the Complaint as a

26   whole, and each claim for relief asserted therein, fails because no contract was formed between

27   Towers and Prodiance.

28   ///

JMBM | Jeffer Mangels Butler & Marmaro LLP

## THIRD AFFIRMATIVE DEFENSE

### (No Goods Delivered Or Furnished)

3.    Towers is informed and believes, and based thereon alleges that Prodiance's recovery under the Complaint, and each claim for relief asserted therein, is barred because Prodiance did not deliver or furnish any goods to Towers.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure To Perform Conditions Precedent)

4.    Although Towers denies the existence of any contract between Towers and Prodiance, if it should be determined that such a contract exists, then Towers alleges, based on information and belief, that Towers was excused from performance under said contract because of Prodiance's failure to perform conditions precedent under the terms of that contract.

## FIFTH AFFIRMATIVE DEFENSE

### (No Benefit Conferred)

5.    Towers is informed and believes, and based thereon alleges that Prodiance's recovery under the Complaint, and each claim for relief asserted therein, is barred because Prodiance did not confer any benefit to Towers.

## SIXTH AFFIRMATIVE DEFENSE

### (Termination Of Contract)

6.    Although Towers denies the existence of any contract between Towers and Prodiance, if it should be determined that such a contract exists, then Towers alleges, based on information and belief, that Towers duly terminated said contract, thereby precluding Prodiance's recovery under same.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack Of Consideration)

7.    Although Towers denies the existence of any contract between Towers and Prodiance, if it should be determined that such a contract exists, then Towers alleges, based on information and belief, that Prodiance's claims under said contract fail for lack of consideration thereunder.

JMBM | Jeffer Mangels
Butler & Marmaro LLP

## EIGHTH AFFIRMATIVE DEFENSE

### (Inadequacy Of Consideration)

8.      Although Towers denies the existence of any contract between Towers and Prodiance, if it should be determined that such a contract exists, then Towers alleges, based on information and belief, that Prodiance's claims under said contract fail for inadequacy of consideration thereunder.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.      Towers is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.      Towers is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.      Towers is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

12.      Although Towers denies that Prodiance has been damaged in any way, if it should be determined that Prodiance has been damaged, then Towers alleges, based on information and belief, that Prodiance has failed to mitigate its purported damages and further alleges, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Basis For Attorneys' Fees)

13.      Towers alleges the Complaint fails to state facts that would support an award of attorneys' fees or litigation costs against Towers.

1    WHEREFORE, Towers prays:

2    1.    That Prodiance's Complaint be dismissed;

3    2.    That Prodiance take nothing by reason thereof;

4    3.    That judgment be entered in favor of Towers;

5    4.    That Towers be awarded its attorneys' fees and costs of suit; and

6    5.    For such other and further relief as the Court deems just and proper.

DATED:  June 10, 2008          JEFFER, MANGELS, BUTLER & MARMARO LLP
                               ROBERT E. MANGELS
                               MATTHEW S. KENEFICK


                               By:   /s/   Matthew S. Kenefick
                                     MATTHEW S. KENEFICK
                               Attorneys for Defendant TOWERS, PERRIN,
                               FORSTER & CROSBY, INC., a Pennsylvania
                               corporation


## JURY DEMAND

Towers demands a jury trial on all issues so triable.

DATED:  June 10, 2008          JEFFER, MANGELS, BUTLER & MARMARO LLP
                               ROBERT E. MANGELS
                               MATTHEW S. KENEFICK


                               By:   /s/   Matthew S. Kenefick
                                     MATTHEW S. KENEFICK
                               Attorneys for Defendant TOWERS, PERRIN,
                               FORSTER & CROSBY, INC., a Pennsylvania
                               corporation

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On June 10, 2008 I served the document(s) described as **ANSWER OF DEFENDANT TOWERS, PERRIN, FORSTER & CROSBY, INC. TO COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED, WORK, LABOR, SERVICES, AND MATERIALS, AND GOODS SOLD AND DELIVERED** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Vernon J. Granneman, Esq.
Pillsbury Winthrop Shaw Pittman LLP
2475 Hanover Street
Palo Alto, CA  94304

☒　(BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒　BY ELECTRONIC SERVICE TRANSMISSION via U.S. District Court, Northern Division, Case Management/Electronic Case Files, Filing System.  I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use as identified and maintained therein.

☐　(BY FAX) At       ,   I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s).  The transmission originated from facsimile phone number (415) 398-5584 and was reported as complete and without error.  The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐　(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐　(BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on June 10, 2008 at San Francisco, California.

☒　(FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____

Angela Pereira

CASE NO. CV08-2824PJH
ANSWER TO COMPLAINT

738163v1

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    ROBERT E. MANGELS (Bar No. 48291), RMangels@jmbm.com
2   MATTHEW S. KENEFICK (Bar No. 227298), MKenefick@jmbm.com
    Two Embarcadero Center, Fifth Floor
3   San Francisco, California  94111-3824
    Telephone:     (415) 398-8080
4   Facsimile:     (415) 398-5584

5   Attorneys for Defendant TOWERS, PERRIN, FORSTER &
    CROSBY, INC., a Pennsylvania corporation

6
                        UNITED STATES DISTRICT COURT
7
                       NORTHERN DISTRICT OF CALIFORNIA
8
                            SAN FRANCISCO DIVISION
9

10

11  PRODIANCE CORPORATION,                CASE NO.    CV08-2824PJH

12              Plaintiff,                **CERTIFICATION OF INTERESTED
                                          ENTITIES OR PERSONS**
13       v.
                                          **LOCAL RULE 3-16**
13  TOWERS, PERRIN, FORSTER & CROSBY,
14  INC.,

15              Defendant.

16
                                          Complaint filed:      May 6, 2008
17                                        Trial date:           none set

18

19           Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than

20  the named parties, there is no such interest to report.

21

22  DATED:  June 10, 2008              JEFFER, MANGELS, BUTLER & MARMARO LLP
                                       ROBERT E. MANGELS
23                                     MATTHEW S. KENEFICK

24

25                                     By:    /s/   Matthew S. Kenefick
                                              MATTHEW S. KENEFICK
26                                     Attorneys for Defendant TOWERS, PERRIN,
                                       FORSTER & CROSBY, INC., a Pennsylvania
27                                     corporation

28

JMBM | Jeffer Mangels
      | Butler & Marmaro LLP