1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT E. MANGELS (Bar No. 48291), RMangels@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298), MKenefick@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5  Attorneys for Defendant TOWERS, PERRIN, FORSTER &
   CROSBY, INC., a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PRODIANCE CORPORATION,<br><br>              Plaintiff,<br><br>       v.<br><br>TOWERS, PERRIN, FORSTER & CROSBY, INC.,<br><br>              Defendant. | CASE NO.    CV08-2824PJH<br><br>**RESPONSE TO STANDING ORDER RE REMOVED CASES**<br><br><br>Complaint filed:    May 6, 2008<br>Trial date:             none set |

   Defendant Towers, Perrin, Forster & Crosby, Inc., a Pennsylvania corporation ("**Towers**") hereby submits the following Response to Standing Order Re Removed Cases:

   1.   **Whether all defendants served at the time of removal joined in the notice of removal**

   Towers is the only named and served defendant in the removed action of *Prodiance Corporation v. Towers, Perrin etc.*, Contra Costa County Superior Court Case Number C08-01214 (the "**State Court Action**").  Towers filed the Notice of Removal, and thus, all defendants which were served at the time of removal joined in the Notice of Removal.

///
///

2. **Whether the Notice of Removal was dated more than thirty (30) days after the first defendant was served**

Towers is the only defendant in the State Court Action. On May 7, 2008, Towers was served with Summons and Complaint for the State Court Action. The Notice of Removal was filed on June 5, 2008. Thus, the Notice of Removal is dated less than thirty (30) days after the first defendant was served.

3. **If the action has been removed on the grounds of diversity jurisdiction, whether any defendant served at the time of removal is a citizen of California**

Towers removed the State Court Action on the grounds of diversity. Towers, the only defendant in the State Court Action, was at the time of removal, and remains, a Pennsylvania corporation with its principal place of business located at Stamford, Connecticut. Thus, at the time of removal, no defendant which had been served was a citizen of California.

4. **If the action has been removed on the grounds of diversity jurisdiction, the citizenship of all named plaintiffs and all named defendants (including the citizenship of all members or partners in any non-corporate party)**

The sole named plaintiff in the State Court Action is Prodiance Corporation ("**Prodiance**"); Towers is the only defendant.

**Towers**. At the time of the filing of the State Court Action (May 6, 2008), as well as the date of the filing of the Notice of Removal, Towers is and was a Pennsylvania corporation with its principal place of business located at Stamford, Connecticut. Thus, Towers is a citizen of Pennsylvania and Connecticut.

**Prodiance**. Prodiance is a Delaware corporation with its principal place of business in San Ramon, California. Thus, Prodiance is a citizen of Delaware and California.

DATED: June 10, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT E. MANGELS
MATTHEW S. KENEFICK

By: /s/ Matthew S. Kenefick
        MATTHEW S. KENEFICK
Attorneys for Defendant TOWERS, PERRIN, FORSTER & CROSBY, INC., a Pennsylvania corporation

PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On June 10, 2008 I served the document(s) described as

**RESPONSE TO STANDING ORDER RE REMOVED CASES;**

in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Vernon J. Granneman, Esq.
Pillsbury Winthrop Shaw Pittman LLP
2475 Hanover Street
Palo Alto, CA 94304

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ BY ELECTRONIC SERVICE TRANSMISSION via U.S. District Court, Northern Division, Case Management/Electronic Case Files, Filing System. I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use as identified and maintained therein.

☐ (BY FAX) At    ,    I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 398-5584 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on June 10, 2008 at San Francisco, California.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Angela Pereira