| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | VERNON H. GRANNEMAN (SBN 083532) vernon.granneman@pillsburylaw.com |
| 2 | DIANNE L. SWEENEY (SBN 187198) dianne@Pillsburylaw.com |
| | 2475 Hanover Street |
| 3 | Palo Alto, CA  94304-1114 |
| | Telephone: (650) 233-4500 |
| 4 | Facsimile:  (650) 233-4545 |
| 5 | Attorneys for Plaintiff |
| | PRODIANCE CORPORATION |
| 6 | |
| | JEFFER, MANGELS, BUTLER & MARMARO LLP |
| 7 | ROBERT W. MANGELS (SBN 48291) RMangels@jmbm.com |
| | MATTHEW S. KENEFICK (SBN 227298) MKenefick@jmbm.com |
| 8 | Two Embarcadero Center, Fifth Floor |
| | San Francisco, CA  94111-3824 |
| 9 | Telephone:  (415) 398-8080 |
| | Facsimile:   (415) 398-5584 |
| 10 | |
| | Attorney for Defendant |
| 11 | TOWERS, PERRIN, FORSTER & CROSBY, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| PRODIANCE CORPORATION, | ) | Case No. CV 08 02824 PJH |
| | ) | |
| Plaintiff, | ) | **JOINT CASE MANAGEMENT STATEMENT: FRCP RULES 16(b), 26(f) AND LOCAL RULE 16-9** |
| vs. | ) | |
| | ) | Date:   September 11, 2008 |
| TOWERS, PERRIN, FORSTER & CROSBY, INC., | ) | Time:  2:30 p.m. |
| | ) | Courtroom:  3, 17th Floor |
| Defendant. | ) | |
| | ) | Complaint filed:  May 6, 2008 |
| | ) | Trial Date:  None set |

This Joint Case Management Conference Statement is submitted pursuant to Federal Rules of Civil Procedure Rules 16(b), 26(f), Local Rule 16-9 and the Court's standing order effective March 1, 2007 regarding the contents of joint case management conference

1  statements.  The parties, through counsel Vernon H. Granneman of Pillsbury Winthrop
2  Shaw Pittman LLP, attorneys for Prodiance Corporation (hereinafter "Prodiance"), and
3  Matthew Kenefick of Jeffer, Mangels, Butler & Marmaro LLP, attorneys for Towers,
4  Perrin, Forster & Crosby, Inc. (hereinafter "Towers") met and conferred on August 12,
5  2008 respecting the content of this statement.

6  1.  <u>Jurisdiction And Service</u>

7      The parties agree that the Court has subject matter jurisdiction over Plaintiff's
8  claims as a result of diversity citizenship of the parties.  Service is complete and all parties
9  have appeared.

10 2.  <u>Facts</u>

11     This action was originally commenced in the Superior Court of the State of
12 California, Contra Costa County, by the filing of a complaint by Prodiance on May 6, 2008.
13 The complaint alleges causes of action for breach of contract and common counts (under
14 the theories of account stated, work, labor, services and materials, and goods sold and
15 delivered) and seeks damages of $205,000 against Defendant Towers.  Towers filed its
16 notice of removal on June 10, 2008.

17     Prodiance contends that Towers entered into a contract to purchase software and
18 services from Prodiance for a contract price of $205,000.  Prodiance contends the contract
19 was entered into on or about December 14, 2007 and Prodiance subsequently invoiced
20 Towers for the majority of amounts due under the contract.  Prodiance contends that
21 Towers breached the contract in or about mid-March 2008 by refusing to complete the
22 purchase of software and services pursuant to the parties' agreement and by contending that
23 Towers had never purchased anything from Prodiance.

24     Towers denies any liability to Prodiance.  Towers contends that no contract with
25 Prodiance was ever formed because the alleged contract was nothing more than a term sheet
26 for products and services to be ordered at a later date and that no such order was ever
27 placed.  In the alternative, Towers contends that even if a contract was formed, then it was
28 terminated in mid-March 2008 by Towers and Towers would therefore be liable, if at all,

1  for no more than a pro-rated portion of the contract amount.  Towers also denies liability

2  for breach of contract and common counts on the basis that it received nothing of value

3  from Prodiance.

4  3.    Legal Issues

5      The legal issues in this matter include: (1) whether a contract was formed between

6  the parties; (2) if a contract was formed, then whether Towers terminated the contract; and

7  (3) whether any benefit was conferred on Towers by Prodiance under the contract or

8  otherwise.

9  4.    Motions

10      There are no prior or pending motions.  The parties anticipate that they may file

11  motions for partial or total summary judgment.

12  5.    Amendment Of Pleadings

13      No amendments to pleadings are anticipated at this time; however, the parties

14  suggest December 19, 2008 as the deadline for amendment of pleadings.

15  6.    Evidence Preservation

16      Both parties have taken reasonable steps to preserve evidence relevant to the issues

17  reasonably evident in this action.

18  7.    Disclosures

19      The parties have engaged in an informal exchange of documents that focus

20  primarily on the contract claims and defenses.  The parties expect to complete initial

21  disclosures under FRCP Rule 26 on or before September 4, 2008.

22  8.    Discovery

23      The parties have already engaged in an information exchange of documents.  No

24  other discovery has been conducted.  The parties propose the following discovery plan:

25      February 16, 2009    Percipient discovery to be completed

26      March 31, 2009    Exchange of expert disclosures and reports

27      April 30, 2009    Exchange of expert rebuttal disclosures and reports

28      May 29, 2009    Close of discovery

701238643v1     - 3 -     JOINT CASE MGMT. STMT.; FRCP
RULES 16(b), 26(f) & LOCAL RULE 16-9
Case No. CV 08 02824 PJH

1        July 15, 2009        Last day to hear pretrial (including dispositive) motions

2        The parties agree that each side will have the right to take 5 depositions. Additional
3 depositions may be taken with leave of Court for good cause shown. The duration of
4 depositions shall be in accordance with FRCP Rule 30. Standard Rules of Federal
5 Procedure shall otherwise apply for interrogatories, requests for admission and requests to
6 produce documents or other tangible things.

7  9.      <u>Class Actions</u>

8        Not applicable.

9  10.     <u>Related Cases</u>

10       None.

11  11.     <u>Relief</u>

12       Plaintiff seeks recovery of the contract amount of $205,000 as described in the
13 complaint, together with interest, attorneys fees and litigation costs. To the extent that
14 Plaintiff's lost profits become an issue in the case, Plaintiff expects that would be the
15 subject of expert testimony and has not engaged an expert for that purpose of calculating
16 lost profit damages at this point. Defendant seeks recovery of its attorneys' fees and
17 litigation costs.

18  12.     <u>Settlement And ADR</u>

19       The parties, through counsel, have had preliminary discussions respecting
20 settlement and have filed an ADR stipulation which has been approved by the Court.

21  13.     <u>Consent To Magistrate Judge For All Purposes</u>

22       The parties do not consent to assignment of this case to a Magistrate Judge for all
23 purposes.

24  14.     <u>Other References</u>

25       None.

26  15.     <u>Narrowing Of Issues</u>

27       Counsel have had discussions about the possibility of narrowing issues. Counsel
28 have no specific suggestions for the narrowing of issues at this time.

1   16.   Expedited Schedule

2   The parties do not have an agreement on an expedited schedule.  Given the amount

3   in controversy, Prodiance is willing to abide by any reasonable procedures to maximize the

4   efficiency of litigating this matter.

5   17.   Scheduling

6   Proposed dates for designation of experts and discovery cut-off are set forth above.

7   The parties suggest that the pretrial conference be scheduled for mid-August 2009 with trial

8   to follow in mid-September 2009.

9   18.   Trial

10   Both sides have requested a jury and expect the trial to take 3-5 days.

11   19.   Disclosure Of Non-Party Interested Entities Or Persons

12   Each party has filed a Certificate of Interested Entities or Persons required by Civil

13   Local Rule 3-16.  Pursuant to Civil Local Rule 3-16, the parties certified that other than the

14   named parties there is no such interest to report.

15   20.   Other Matters

16   None.

17   Dated:  September 4, 2008.

PILLSBURY WINTHROP SHAW PITTMAN LLP

18

By   */s/ Vernon H. Granneman*
19       Vernon H. Granneman
         Attorneys for Plaintiff
20       PRODIANCE CORPORATION

21   Dated:  September 4, 2008.

JEFFER, MANGELS, BUTLER & MARMARO LLP
22

By   */s/ Matthew S. Kenefick*
23       Matthew S. Kenefick
         Attorneys for Defendant
24       TOWERS, PERRIN, FORSTER & CROSBY, INC.

25

26   I attest that I have concurrence from Matthew S. Kenefick to efile this document.

27                                  */s/ Vernon H. Granneman*

28